KNIGHT *v.* STICKRATH, SUPT., ET AL.

[Cite as Knight *v.* Stickrath (1988), 40 Ohio St. 3d 38.]

(No. 88-1338—Submitted September 8, 1988—Decided December 14, 1988.)

for breaking and entering. We answer both questions in the negative and hold that petitioner is not entitled to a writ of habeas corpus.

I

The Interstate Compact for the Supervision of Parolees and Probationers Act permits a person who is on parole in one state (the sending state) to reside in another state (the receiving state) and to be supervised by the parole authority of the receiving state. R.C. 5149.17(A) and (B).

R.C. 5149.17 was revised on December 23, 1986; however, division (B) thereof remained unchanged. R.C. 5149.17(B) provides:

"Each receiving state will assume the duties of visitation of and supervision over probationers or parolees of any sending state and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees."

Petitioner argues that this language authorized Texas parole authorities to discharge him from his Ohio parole obligations. The argument fails. The receiving state does no more than enforce a sending state's parole. See *Dillworth* v. *Barker* (C.A. 5, 1972), 465 F. 2d 1338, 1341. The language of the statute authorizes the receiving state to visit and supervise the parolee. The statutory language does not support the conclusion that supervision includes discharge from parole. The only place the word "discharge" is used in the statute is division (G).

Division (G) states the procedure to be followed in the event that one of the participating states elects to renounce the compact. In the event of renunciation, the duties and obligations of the renouncing state continue "as to parolees or probationers residing therein at the time of withdrawal until retaken or *finally discharged by the sending state.* * * *'' (Emphasis

*J. Boyd Binning,* for petitioner.
*Anthony J. Celebrezze, Jr.,* attorney general, *Alexander G. Thomas* and *John J. Gideon,* for respondents.

H. Brown, J. We must address two issues. First, whether Texas had the authority to grant petitioner a final release from his Ohio parole. Second, whether petitioner's due process rights were violated when his February 17, 1983 parole was revoked as a result of his June 16, 1986 conviction

added.) R.C. 5149.17(G). Significantly, the discharge is by the sending state and *not* the receiving state.[1]

Accordingly we hold that where Ohio, pursuant to R.C. 5149.17 (Interstate Compact for the Supervision of Parolees and Probationers Act), permits a person on parole to reside in another state and to be supervised by the other state, the other or "receiving" state does not have authority to grant a final discharge to the parolee.

## II

Petitioner makes an additional argument that after he allegedly was released from parole by Texas, he "* * * was never notified, in writing, by the Adult Parole Authority that his parole may not be terminated [*sic*]. A hearing was never held to determine that the Petitioner was still on parole." Although not clearly articulated, petitioner apparently is contending that he was entitled to a hearing to determine his parole status subsequent to the alleged release by Texas. However, the alleged release by Texas does not constitute a final release by the Ohio Adult Parole Authority within the meaning of R.C. 2967.16. Petitioner's status was that of a parolee under R.C. 2967.01(I): "* * * any inmate who has been released from confinement by order of the adult parole authority * * * who is under supervision of the adult parole authority and who has not

been granted a final release * * *." Petitioner had not been granted a final release from parole by the Ohio Adult Parole Authority because Texas failed to submit a final release recommendation to Ohio authorities,[2] even though Ohio authorities had notified Texas that petitioner "* * * must fulfill 1 year of satisfactory performance for final release eligibility and be recommended by his supervising officer." Further, Texas furnished no report or recommendation covering the period during which petitioner's parole was extended by reason of his Texas conviction of a theft offense.

Petitioner relies upon *Coleman* v. *Stobbs* (1986), 23 Ohio St. 3d 137, 23 OBR 292, 491 N.E. 2d 1126, as supporting his argument that he was entitled to a hearing to determine his parole status. *Coleman* is not on point. It concerned the timely grant of a parole *revocation* hearing, not notice of parole *status*. The status of petitioner was that of a parolee from the date he was granted parole (February 17, 1983) until he was arrested again on March 3, 1986. The record demonstrates that on May 24, 1985, petitioner was advised by his Ohio parole officer that he was still on parole in Ohio. Petitioner admitted to his parole officer that he had never received a Final Release Certificate.

Since petitioner was on parole at the time of the March 3, 1986 breaking

---

[1] In Ohio, a parolee is granted a final release from parole by the Chief of the Ohio Adult Parole Authority upon the written recommendation of the Superintendent of Parole Supervision. Ohio Adm. Code 5120:1-1-13(A); R.C. 2967.16. Petitioner was never granted a final release from parole pursuant to these provisions.

[2] Such a recommendation is submitted in a "Final Release Recommendation" report and contains a history of supervision (a

narration of the significant factors affecting the parolee's behavior while on parole) and the supervising unit's recommendation for final release. The report is submitted to the Parole Supervision Section of the Ohio Adult Parole Authority, which recommends approval or disapproval. If approval is recommended and a final release granted, a certificate of final release is sent to the supervising unit. The supervising officer then delivers the certificate of final release to the parolee.

and entering offense, his parole was properly revoked. Ohio Adm. Code 5120:1-1-17.

For the foregoing reasons, the petition for a writ of habeas corpus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.