HUMPHREY *v.* OHIO ADULT PAROLE AUTHORITY.

[Cite as Humphrey *v.* Ohio Adult Parole Auth. (1989), 44 Ohio St. 3d 169.]

(No. 89-567—Submitted May 2, 1989—Decided August 2, 1989.)

*Paul D. Humphrey, pro se.*

*Per Curiam.* Copies of documents submitted by the petitioner indicate that he was granted parole in 1980 under the supervision of the Massachusetts Department of Parole pursuant to the Interstate Compact for the Supervision of Parolees and Probationers Act, R.C. 5149.17, and that his case was closed by Massachusetts on September 23, 1981, without final approval of the Ohio Adult Parole Authority. In *Knight* v. *Stickrath* (1988), 40 Ohio St. 3d 38, 531 N.E. 2d 716, we held in the syllabus that when this state "permits a person on parole to reside in another state and be supervised by the other state [under the Interstate Compact], the other or 'receiving' state does not have authority to grant a final discharge to the parolee." Since the documents submitted by petitioner indicate he was so discharged without approval of the Ohio Adult Parole Authority, we deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.