**State**
**v.**
**Perez**
*[Cite as 3 AOA 263]*

*Case No. 89CA004611*
*Lorain County, (9th)*
*Decided May 30, 1990*

*Gregory A. White, Prosecuting Attorney, 226 Middle Ave., Elyria, OH 44035, for Plaintiff.*

*Hollace B. Weizel, Attorney at Law, 522 Broadway, Lorain, OH 44052, for Defendant.*

BAIRD, J.

The cause came before the court upon the appeal of Robert Perez from his conviction based upon a no contest plea to aggravated burglary, robbery, and receiving stolen property.

Pursuant to the Interstate Compact for the Supervision of Parolees and Probationers, the State of California permitted Robert Perez, a California parolee, two move to Ohio. Soon after Perez arrived in Ohio, his parole officer in Ohio received information from California that it had issued an arrest warrant for Perez for alleged burglaries that he committed before he left the state. When Perez came to meet with the parole officer, he was immediately arrested.

During the booking process, the parole officer saw that Perez had a large quantity of cash on his person as well as a handcuff key. The large amount of cash, alone, made the parole officer suspicious because Perez had not been working,

The parole officer then searched Perez's car. He found cotton gloves, hand tools, extension cords, and money bags in the car. He also learned from the Lorain Police Department and the Amherst Police Department that they were investigating Perez for various burglaries. After discussing the situation with his supervisor, he received permission to go to Perez's home. A Lorain detective accompanied him.

Upon arriving at Perez's home, the parole officer opened the garage door, where he discovered a black Cadillac. He looked inside the car and saw velvet and suede bags filled with coins. He entered the house and walked through various rooms where he found large amounts of jewelry, computer equipment, and miscellaneous household items. The parole officer then contacted another officer from the Lorain Police Department who procured a search warrant.

The defendant was subsequently indicted on three counts of aggravated burglary, one count of robbery, and one count of receiving stole property. Each count was accompanied by a specification based upon his prior conviction for burglary in California. Perez moved to suppress the evidence that the state seized pursuant to the warrant, claiming that the search warrant was based upon information received from the initial illegal search. The court heard the motion on the day of trial. Only the state presented testimony concerning the search. Neither the warrant nor supporting affidavits were submitted into evidence. The court denied the motion, basing its denial on the right of the parole officer to conduct the initial warrantless search.

Perez then moved for permission to dismiss his attorney and to continue the trial. The trial court denied the motion. Upon the state's nolle of one count of aggravated burglary, the defendant pleaded no contest to the remaining counts. Sentence was imposed, and from this sentence Perez appeals, assigning two errors.

## ASSIGNMENT OF ERROR I

"The trial court erred, to the prejudice of appellant, and in violation of the [sic] Article I, Section 14, of the Ohio Constitution, when it denied appellant's motion to suppress."

Perez complains that the trial court erred when it refused to suppress the evidence that was seized pursuant to the parole officer's warrantless search. For the first time on appeal, the state contends that Perez's arguments concerning the initial warrantless search ignore that the seizure of the items was by warrant. According to the state, because the seizure was by warrant, Perez had the burden of showing that the search was somehow illegal.

Typically, the movant in a suppression hearing, the party challenging the search or seizure, has the burden of establishing whether the search or seizure was authorized by a warrant. See *Zenia* v. *Wallace* (1988), 37 Ohio St. 3d 216, 218; see also *United States* v. *De La Fuente* (C.A. 5, 1977), 548 F. 2d 528, 533-534. Where a search is established to be warrantless, the burden of persuasion is on the state to show the validity of the search. *Xenia* v. *Wallace, supra.* Where, however, the search is conducted under the authority of a warrant, the one challenging the search has the burden of showing the warrant was not based on probable cause, or was invalid in some other way. See *United States* v. *Osborne* (C.A. 5, 1980), 630 F. 2d 374.

Perez did not in the trial court, nor does he on appeal, attack the basis for the warrant. The suppression hearing, moreover, was conducted as if the search was made without a warrant. While we tend to agree with the state that Perez did not sustain his burden of showing that the warrant was based upon information derived from the initial warrantless search, we decline to dispose of the assignment of error on this ground. The state raised no objection as to the manner in which the hearing was conducted, and, by its own actions in presenting evidence as to the parole officer's right to conduct a warrantless search, tacitly accepted that it had the burden to justify the search. Because the state acted as if it had the burden to justify the legality of the search, it should not now be heard to complain that the burden was actually on Perez to show that the search was illegal. We now turn to discussing the validity of the search and seizure at issue.

Pursuant to his parole in California, Perez signed a parole agreement that contained the following condition:

"* * *.

"You and your residence and any property under your control may be searched without a warrant by any agent or a Department of Corrections or any law enforcement officer.

"* * *."

At oral argument, the parties agreed that if the warrantless search condition was valid in

California, it would be considered valid in Ohio. We also note that the Ohio parole officer had the authority to enforce all conditions set forth in the California parole agreement, including the condition that allows for warrantless searches. Under the Uniform Act for Our-of-state Parolee Supervision, as Codified in R.C. 5149.17, the receiving state assumes the duties of visitation of and supervision over parolees. R.C. 5149.17(B). The receiving state, however, does no more than enforce the sending state's parole. *Knight* v. *Stickrath* (1988), 40 Ohio St. 3d 38, 39. Therefore, Perez was bound by the conditions imposed upon him in California, which were enforceable by the parole authorities in Ohio.

Parolees possess Fourth Amendment rights more limited than other people because they are considered to be in constructive custody of the state during their parole. *State* v. *Thompson* (1987), 33 Ohio St. 3d 1, 7. California courts justify exempting parole searches from the warrant requirement of the Fourth Amendment on the ground that searches are necessary for effective parole supervision. *People* v. *Burgener* (1986), 41 Cal. 3d 505, 714 P. 2d 1251, 1269, 224 Cal. Rptr. 112. In California, although the parole officer need not have probably cause to conduct the warrantless search, he must have a reasonable suspicion that the parolee is involved in criminal activity or has violated his parole, and that the search may reveal evidence of the violation. *Id.*, 714 P. 2d at 1271. The suspicion must be founded upon articulable facts that, taken together with rational inferences from those facts, justify objectively reasonable suspicion. *Id.*

After discovering that Perez, who was unemployed, had a handcuff key and a large amount of cash on his person, it was reasonable for the parole officer to suspect that Perez was involved in some type of criminal activity in violation of his parolee agreement. The reasonableness of the officer's suspicion is especially evident when viewed within the context that the officer saw the cash and key after he had received information from California that an arrest warrant had been issued against Perez for burglaries that the defendant allegedly committed while he was on parole in California. The additional information as to other police departments investigating Perez for his involvement in multiple burglaries further increased the parole officer's suspicion that Perez was violating the terms of his parole. Thus, a reasonable suspicion existed, warranting the parole officer's search of Perez's car and home. The trial court did not err in overruling

the defendant's motion to suppress. Perez's first assignment of error is not well taken.

### ASSIGNMENT OF ERROR II

"The trial court erred to the prejudice of appellant and in violation of Article I, Section 10, of the Ohio Constitution, when it denied appellant's request for a continuance to obtain new counsel."

After the hearing on the motion to suppress was completed, the defense counsel informed the court that Perez did not want him to continue to act as his attorney. Perez did not want him to continue to act as his attorney. Perez spoke to the court on his own behalf, stating that he would like a continuance to retain new counsel. The trial court denied his motion, holding:

"* * *.

"Well, we have a Jury. I don't have the date that we set this; but we set it a long time ago. This has been set for a considerable time. In fact, we had even (sic) the motion set previously, the motion to suppress.

"'By agreement of parties, Jury trial continued until May 2, 1989, at 9:00 a.m.' And this was filed March 9, '89.

"As we have all the many, many witnesses here waiting in the hall – they have been waiting in the hall an hour and a half, the Jurors have – The court sees absolutely no reason to continue the trial.

"The firing of an attorney at the last minute when you are ready for a trial is an obvious move for a continuance. Mr. Bradley is an outstanding criminal lawyer. He is very astute in criminal law; and The Court sees no reason not to proceed with the trial; and that is exactly what we'll do.

"* * *."

After reviewing the applicable case law and the facts of this case, we hold that the trial court correctly denied Perez's motion.

While a defendant has a fundamental Sixth Amendment right to counsel, this right must be considered along with the need for efficient and effective administration of criminal justice. *State* v. *Hook* (1986), 33 Ohio App. 3d 101, 103. Where a defendant moves for a continuance in order to allow his current counsel to withdraw and to procure new counsel, the trial court must weigh the defendant's right to counsel of his choosing against such considerations as the length of the requested continuance, whether other continuance have been granted, inconvenience to witnesses, litigants, and the court, and whether the request is for purposes of delay. See generally, *State* v. *Hook, supra* at 103; see also *State* v.

*Holmes* (1987), 36 Ohio App. 3d 44, 47. A decision to grant a continuance upon a withdrawal or discharge of counsel rests within the sound discretion of the trial court. *State* v. *Dukes* (1983), 34 Ohio App. 3d 263, 265.

In the case at bar, Perez requested a continuance to obtain new trial counsel on the day of the trial. At the time of his request, witnesses were subpoenaed and waiting to testify and the jury was ready to be impaneled. This was the second request for a continuance. The record furthermore is devoid of any evidence that shows that Perez was having problems with his attorney. Quite to the contrary, the record indicates Perez was satisfied with his counsel's performance. After his motion for continuance was denied, Perez pleaded no contest to the remaining counts of the indictment. The plea sheet that he signed set forth the following question, which Perez answered affirmatively, "Have you had time to talk to you lawyer about your case, and are you satisfied with his services and the advice he has given you?"

The trial court did not abuse its discretion in denying Perez's motion for a continuance to obtain new counsel when the motion for a continuance to obtain new counsel when the motion was made the day of the trial and there was no evidence that his attorney of record could not properly represent him at trial. The appellant's second assignment of error is not well taken. Judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.