COLEMAN, APPELLEE, *v.* STOBBS, SHERIFF; ADULT PAROLE AUTHORITY, APPELLANT.

[Cite as Coleman *v.* Stobbs (1986), 23 Ohio St. 3d 137.]

(No. 85-464—Decided April 23, 1986.)

*Malik, Kigerl & Frizzi Co., L.P.A.,* and *John A. Vavra,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Christine Manuelian,* for appellant.

DOUGLAS, J.   A court should apply a two-part test in determining whether the delay of the Adult Parole Authority, in not commencing a final parole revocation hearing, entitles an alleged parole violator to habeas corpus relief. See *Goodman* v. *Keohane* (C.A.11, 1981), 663 F. 2d 1044, 1046. First, it must be determined whether the delay was unreasonable. *Id.* This involves the consideration and balancing of three factors: (1) the length of the delay, (2) the reasons for the delay, and (3) the alleged parole violator's assertion of his right to a hearing within a reasonable period of time. See *Hanahan* v. *Luther* (C.A.7, 1982), 693 F. 2d 629, 634, certiorari denied (1983), 459 U.S. 1170. Second, if the delay is found to be unreasonable, it must be determined whether the delay somehow prejudiced the alleged parole violator. *Goodman, supra,* at 1046. The court must weigh any prejudice to the alleged parole violator in light of the interests protected by the "reasonable time" requirement of R.C. 2967.15 and Ohio Adm. Code 5120:1-1-19(A). In a case involving an analogous federal "reasonable time" requirement, the *Hanahan* court identified three such interests: (1) prevention of oppressive prehearing incarceration, (2) minimization of anxiety and concern of the alleged parole violator, and (3) limitation of the possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing. *Hanahan, supra,* at 635.

Turning to the case at bar, we find that the APA's delay in holding a final parole revocation hearing, while Coleman was incarcerated and awaiting trial on the charge of grand theft, was neither unreasonable nor prejudicial as a matter of law.

R.C. 2725.05 states:
"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, *the writ of habeas corpus shall not be allowed.* * * *" (Emphasis added.)

The loss of liberty that Coleman claims to have suffered did not occur by reason of the APA's detainer but, as we have noted, from his arrest and incarceration on a new charge of grand theft and his failure to post a $5,000 bond. Since he was in custody pursuant to a lawful court order, and it is undisputed that the court had jurisdiction to make that order, he was not entitled to a writ of habeas corpus.

Therefore, the judgment of the court of appeals is reversed and the order granting the writ of habeas corpus is vacated.

*Judgment reversed.*

SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

WRIGHT, J., concurs in the judgment only.

CELEBREZZE, C.J., dissents.

WRIGHT, J., concurring. I concur separately to address the central issue raised by the parties and determined by the court of appeals. The question to be decided is whether a writ of habeas corpus is the proper method by which to challenge the action (or inaction) of the Ohio Adult Parole Authority ("authority"). Only upon the resolution of this question may the court determine whether appellee was entitled to the writ under the circumstances of this case.

The issuance of a writ is appropriate when a parolee is being held pursuant to arrest by the parole officer and the authority fails to determine within a reasonable time whether the parolee has violated the conditions of his parole. If the authority fails to make such a determination within a reasonable time, such parolee "shall be released from custody under the same terms and conditions of his original * * * parole." R.C. 2967.15. A prisoner in this situation is not being held pursuant to a court order and in many cases is in jail pursuant to a warrantless arrest.

The issuance of the writ of habeas corpus is inappropriate when, as in the present case, the parolee has waived his on-site preliminary hearing, is already being held in lawful custody pursuant to pending criminal charges and has failed to post bond. When a person is in the custody of an officer by virtue of a judgment or order of a court of record, and the court had jurisdiction to make the order, a discharge from custody by the writ of habeas corpus will not be allowed. *In re Burson* (1949), 152 Ohio St. 375 [40 O.O. 391]; *Stahl* v. *Shoemaker* (1977), 50 Ohio St. 2d 351 [4 O.O.3d 485].

In this case, because the appellee was detained pursuant to the valid order of a court with proper jurisdiction, he is not entitled to the writ of habeas corpus. Under these circumstances a writ of mandamus is the appellee's only remedy to compel the authority to hold a parole revocation hearing.

Accordingly, I concur in the court's judgment only.