817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick Leo EDWARDS, Petitioner-Appellant,
v.
Calvin EDWARDS, Respondent-Appellee.
 No. 86-1687.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit, and upon examination of the briefs and the record, we unanimously agree that no oral argument is needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, an inmate at the Federal Correctional InstitUtion in Milan, Michigan, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. Petitioner's claim stemmed from the revocation of his parole when he was charged with several criminal and traffic violations in connection with an incident in Cleveland, Ohio. The district court denied the petition and petitioner has appealed.
 
 
 3
 Petitioner's parole was revoked based upon new criminal conduct when it was determined, by a preponderance of the evidence, that petitioner had been in possession of a stolen automobile and that petitioner had committed various traffic violations, including driving while under the influence and reckless driving. The National Appeal Board affirmed the Commission's decision.
 
 
 4
 An examination of the record, including the tape of the revocation hearing, indicates that the Parole Commission did not abuse its discretion. Petitioner's testimony, along with the police and accident reports, the warrants and complaints and the probation officer's report, are sufficient evidence upon which to make a finding of new criminal conduct in violation of parole. Taylor v. United States Parole Commission, 734 F.2d 1152, 1155 (6th Cir. 1984).
 
 
 5
 The record also indicates that petitioner knowingly waived his right to counsel at the revocation hearing and his right to a preliminary dispositional review, as recognized in 18 U.S.C. Sec. 4214(c), despite an explanation of the consequences of the hearing as could relate to his continued freedom. See United States v. Ross, 503 F.2d 940, 945 (5th Cir. 1974). Furthermore, any error regarding the preliminary interview is rendered harmless by a properly conducted revocation hearing considering the same issues. Lambert v. Warden, United States Penitentiary, 591 F.2d 4, 8 (5th Cir. 1979); Lewis v. United States Parole Commission, 448 F.Supp. 1327, 1330 (E.D. Michigan 1978).
 
 
 6
 Finally, the record reveals that petitioner was aware of the evidence against him as supported by his admission to this fact at the revocation hearing. However, even if petitioner were denied the opportunity to review the documentary evidence presented to the commission, this error was harmless because petitioner's own admissions to new criminal conduct were sufficient to sustain a finding that he did in fact violate his parole. See Hanahan v. Luther, 693 F.2d 629, 633 (7th Cir. 1982), cert. denied, 459 U.S. 1170 (1983).
 
 
 7
 Therefore, we affirm the district court's judgment denying the petition pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.