**The STATE of Ohio ex rel. WILLIAMS, Appellant,**

**v.**

**McMACKIN, Supt., Appellee.**

[Cite as *State ex rel. Williams v. McMackin* (1993), 85 Ohio App.3d 480.]

Court of Appeals of Ohio,
Marion County.

No. 9–92–27.

Decided March 26, 1993.

*Archie Williams,* pro se.

*Lee Fisher,* Attorney General, and *Scott A. Bravi,* Assistant Attorney General, for appellee.

HADLEY, Presiding Judge.

This is an appeal by appellant-petitioner, Archie Williams, from the Court of Common Pleas of Marion County, dismissing appellant's writ of habeas corpus *ad subjiciendum* against appellee-respondent, Norris W. McMackin, Warden.

On June 14, 1978, appellant began serving an eleven- to ninety-year sentence for aggravated robbery and forgery at the Southern Ohio Correctional Facility. On March 15, 1990, he was paroled. On September 5, 1990, appellant was arrested in Cuyahoga County on a charge of drug abuse and released on bond. Appellant failed to notify his parole officer of his arrest. At the time of his arrest in Cuyahoga County, appellant was also on federal probation. Consequently,

appellant was arrested by United States marshals on September 18, 1990, for a probation violation.

The Ohio Adult Parole Authority ("APA"), on October 5, 1990, held an on-site probable cause hearing for revocation of appellant's parole. After the hearing, appellant was informed that there was probable cause to revoke his parole and was given a written statement of the probable cause findings. Appellant was also notified at the October 5 hearing that a final revocation hearing was scheduled for December 10, 1990. However, on October 25, 1990, appellant was transferred to the federal prison in Terre Haute, Indiana by federal marshals. On December 3, 1990, APA lodged a detainer against appellant with the prison authorities at Terre Haute, Indiana.

As appellant had not been tried for the drug abuse charge, he was returned to Cuyahoga County on July 7, 1991. On August 9, 1991, appellant pled guilty to drug abuse, a felony. He was sentenced to ninety days that would run concurrently with the federal sentence and was returned to Terre Haute, Indiana.

On September 26, 1991, appellant was made permanently available to the state of Ohio from Terre Haute, Indiana. Because appellant had not finished serving his sentence from his drug abuse conviction, he was transported to the Marion Correctional Institute. Appellant's sentence on the drug abuse conviction did not expire until November 11, 1991. On November 4, 1991, appellant was notified that his parole revocation hearing was scheduled for November 8, 1991. At this hearing, the board decided to revoke appellant's parole and to schedule a mitigation hearing.

Appellant was notified on November 26, 1991, that his mitigation hearing had been scheduled for December 6, 1991, by placing the notice on the bulletin board on his cell block. As a result of the mitigation hearing, the board decided to continue appellant's incarceration until November 4, 1994.

Appellant then filed a writ of habeas corpus *ad subjiciendum* in the Common Pleas Court of Marion County. APA then filed a motion for summary judgment. The court dismissed appellant's writ on April 14, 1992, on the grounds that appellant was not claiming lack of jurisdiction of the sentencing court. Appellant now timely appeals from the trial court's judgment and asserts the following sole assignment of error:

"When a court of competent jurisdiction summary [*sic*] dismisses a petition for Writ of Habeas Corpus Ad Subjiciendum without addressing the merit of the issues presented therein, and inquiring thereto, it is an abuse of judicial discretion, a denial of due process, and prejudicial error."

Appellant's assignment of error can best be understood by referring to his petition for writ of habeas corpus *ad subjiciendum* and the memorandum in

support filed in the trial court. Appellant asserts that he was denied due process at the revocation hearing and the revocation hearing was not held in a timely manner. Appellant also asserts that the trial court erred in dismissing the writ without addressing the issues presented therein.

■ The trial court dismissed appellant's petition for writ of habeas corpus *ad subjiciendum* as appellant did not claim that the sentencing court lacked jurisdiction over him. The court stated in its opinion and order that the petitioner is in the custody of respondent, by virtue of a sentence from Cuyahoga County. However, appellant is not in custody of appellee by virtue of the sentence from Cuyahoga County, but is in the custody of appellee due to the APA's revoking his parole. The Ohio Supreme Court in *Coleman v. Stobbs* (1986), 23 Ohio St.3d 137, 23 OBR 292, 491 N.E.2d 1126, stated that habeas corpus is the appropriate procedural vehicle for determining if a parole revocation hearing was held in a timely manner. Thus, the trial court's dismissal of appellant's petition for the reason stated in its opinion and order was incorrect. Herein, APA had filed a motion for summary judgment. If summary judgment could be properly granted, the trial court's dismissal of appellant's petition would be correct even though granted for the wrong reason. Therefore, we must determine whether APA was entitled to summary judgment in the case *sub judice*.

The party moving for summary judgment has the burden of showing (1) that no genuine issue exists as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds could come to but one conclusion, and that conclusion is adverse to the nonmoving party after construing the evidence in the light most favorable to the nonmoving party. *Harless v. Willis Day Warehouse Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74–75, 375 N.E.2d 46, 47. The party opposing summary judgment may not rest upon mere allegations or denials in his pleadings, but his response, by affidavit or as otherwise provided in Civ.R. 56(C), must set forth specific facts showing there is a genuine issue for trial. *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 51, 567 N.E.2d 1027, 1030. See, also, Civ.R. 56(C) and (E).

Appellant does not assert that the time period (thirteen months) between his on-site hearing and his final revocation hearing was unreasonable. However, appellant seems to argue that the four-day notification of the revocation hearing deprived appellant of his due process rights (oral request for counsel, witnesses and documentary evidence).

■ In order to fully address appellant's assignment of error, this court must first address whether the delay between the on-site hearing and the final revocation hearing was unreasonable. In determining if there was unreasonable delay between the on-site hearing and the final revocation hearing, the court

should ask the following two questions: (1) was the delay was unreasonable? and (2) if the delay is found to be unreasonable, was the delay prejudicial to the alleged parole violator? In determining if the delay was unreasonable, the court should look at (1) the length of the delay, (2) the reasons for the delay, and (3) the alleged parole violator's assertion of his right to a hearing within a reasonable period of time. *Coleman, supra,* 23 Ohio St.3d at 139, 23 OBR at 293, 491 N.E.2d at 1128. See, also, *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 134–136, 564 N.E.2d 1060, 1063–1065.

■ In applying the above standard to the case at bar, we find that the time between appellant's on-site hearing and the date of the final revocation hearing was not unreasonable. Even though thirteen months had elapsed between the on-site hearing and the final revocation hearing, that does not make the delay unreasonable. Appellant was in custody of the federal prison in Terre Haute, Indiana, as a result of a probation violation. Appellant did not show that he requested a final revocation hearing for his Ohio parole violation while in federal prison in Indiana or that APA could have held a final revocation hearing outside the state of Ohio. Therefore, the thirteen-month delay between the on-site hearing and the final revocation hearing was not unreasonable.

■ Appellant also asserts that the notification of the November 8 final revocation hearing was not reasonable. Ohio Adm.Code 5120:1–1–19(C) states that the revocation hearing shall be held pursuant to the procedures set forth in Ohio Adm.Code 5120:1–1–18. Ohio Adm.Code 5120:1–1–18(H) states that the releasee shall be notified by the unit supervisor at least four working days prior to the hearing. Appellant admits that he was informed of the November 8 hearing on November 4. As appellant was given notice within the time specified in the Administrative Code, the notification for the November 8 hearing was not unreasonable.

■ Appellant then asserts that the four-day notice did not give him sufficient time to prepare for the revocation hearing. However, appellant's argument is without merit. Ohio Adm.Code 5120:1–1–19(A)(1) states if a parolee is convicted of a new felony, it is conclusively presumed that he has committed a parole violation. The parolee is then entitled to a final hearing, but the scope of the hearing is limited to the determination of mitigating circumstances. *Flenoy, supra,* 56 Ohio St.3d at 131, 564 N.E.2d at 1060–1061. Herein, appellant was convicted of a new felony and was not entitled to a full hearing to determine if his parole should be revoked. As appellant was only entitled to a mitigation hearing, he was not denied due process at the November 8 hearing.

Since appellant was not prejudiced by the delay between the on-site hearing and the final revocation hearing or the four day notice of the November 8

hearing, his writ of habeas corpus *ad subjiciendum* would have been denied. Therefore under the criteria for granting a motion for summary judgment, appellant has not demonstrated that a genuine issue of material fact exists and APA's motion for summary judgment should have been granted. Although, the trial court's dismissal of appellant's petition for a writ of habeas corpus *ad subjiciendum* was for the wrong reason, nevertheless the petition was properly dismissed. Therefore, appellant suffered no prejudice by the trial court's dismissal of the petition and appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and THOMAS F. BRYANT, JJ., concur.