OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Seebeck, Appellant, v. Zent, Warden, Appellee.
[Cite as Seebeck v. Zent (1993),        Ohio St.3d        .]
Habeas corpus denied when petitioner fails to attack the
     jurisdiction of the court -- Mandamus to compel release on
     parole after being declared a parole violator -- Writ
     denied, when.
     (No. 93-1184 -- Submitted October 18, 1993 -- Decided
December 29, 1993.)
     Appeal from the Court of Appeals for Madison County, No.
CA92-12-033.
     Appellant, Gregg Seebeck, filed a petition for a writ of
habeas corpus in the Court of Appeals for Madison County,
claiming that the Ohio Adult Parole Authority ("APA") failed to
conduct a formal parole revocation hearing for him within the
reasonable time required by R.C. 2967.15.
     Seebeck was convicted of aggravated burglary in Clark
County, Ohio, in 1985.  The court sentenced him to ten to
twenty-five years' incarceration.  He was paroled on July 22,
1991.  He was again arrested on January 6, 1992 for violating
the conditions of his parole.  Following a March 13, 1992
formal parole revocation hearing, the APA revoked Seebeck's
parole based on these parole violations.  Seebeck seeks his
release on parole, alleging that he was entitled to a formal
hearing within sixty days of his arrest.
     This cause is before this court upon an appeal as of right.

     Gregg Seebeck, pro se.
     Lee I. Fisher, Attorney General, Donald G. Keyser,
Assistant Attorney General, for appellee.

     Per Curiam.  Seebeck fails to raise a jurisdictional claim
in his petition for a writ of habeas corpus.  When the
appellant does not attack the jurisdiction of the court, a writ
of habeas corpus will be denied.  R.C. 2725.05; Stahl v.
Shoemaker (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485,
487-488, 364 N.E.2d 286, 288.  However, even if the court
considers this petition as one for a writ of mandamus, the
relief must still be denied.

R.C. 2967.15 requires the authority "to make a determination of the case of the parolee alleged to be a violator of the conditions of his pardon or parole within a reasonable time" or release him on parole.  (Emphasis added.) Seebeck alleges he was entitled to a parole revocation hearing within sixty days of his arrest, since he is a technical parole violator.  He bases his argument on the 1974 federal district court case of Inmates' Councilmatic Voice v. Rogers (Dec. 12, 1974), N.D. Ohio No. C72-1052, unreported.  This case has been vacated, Rogers v. Inmates' Councilmatic Voice (1975), 422 U.S. 1031, 95 S. Ct. 2646, 45 L. Ed.2d 687; a new order issued on August 19, 1975; modified upon appeal on September 9, 1976, at 541 F.2d 633; and explained upon further appeal by intervenor plaintiffs in Inmates' Councilmatic Voice v. Wilkinson (Mar. 25, 1993), C.A.6, Nos. 92-3218 and 92-3275, unreported, 1993 WL 87431, table citation (1993), 989 F.2d 499.

In Inmates' Councilmatic Voice v. Wilkinson, the court stated that all jurisdiction in the original Inmates' Councilmatic Voice case had terminated at least by 1981.  With the status of the federal law unclear on the sixty-day rule, we hold that the standard to be used in Ohio is the reasonable time standard, developed in Coleman v. Stobbs (1986), 23 Ohio St.3d 137, 139, 23 OBR 292, 293, 491 N.E.2d 1126, 1128, and modified in Flenoy v. Ohio Adult Parole Auth. (1990), 56 Ohio St.3d 131, 134, 564 N.E.2d 1060, 1063-1064, and in State ex rel. Taylor v. Ohio Adult Parole Auth. (1993), 66 Ohio St.3d 121, 127-128, 609 N.E.2d 546, 550-551.

Coleman v. Stobbs presented a two-part test for determining whether a delay of a parole revocation hearing by the Adult Parole Authority entitles an alleged parole violator to relief.  First, the court must determine whether the delay was reasonable.  "This involves the consideration and balancing of three factors: (1) the length of the delay, (2) the reasons for the delay, and (3) the alleged parole violator's assertion of his right to a hearing within a reasonable period of time." Id. at 139, 23 OBR at 293, 491 N.E.2d at 1128.  Second, the court must determine whether the delay somehow prejudiced the alleged parole violator.  The court identified three protected interests in this context:

"(1) [P]revention of oppressive prehearing incarceration, (2) minimization of anxiety and concern of the alleged parole violator, and (3) limitation of the possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing."  Id.

Although the Flenoy case modified the Coleman test by placing the prejudice factor on the same plane as the reasonableness-of-time factor, we held in Taylor that, "prejudice should ordinarily receive substantial emphasis because the remedy - - outright release of a felon * * * is so drastic."  66 Ohio St. 3d at 128, 609 N.E.2d at 551.  Seebeck has shown neither unreasonable delay nor prejudice.  Moreover, there is no "60 day rule."

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E.

Sweeney and Pfeifer, JJ., concur.