In 1992, petitioner-appellant, James C. Harrison, was sentenced to five to twenty-five years in prison following his conviction in Hamilton County on three counts of aggravated burglary. Four years later, appellant was released on parole. Within a year following his release, appellant was charged with committing four additional felony offenses. He was convicted on two counts of burglary in Warren County and sentenced to four years in prison on each count. Appellant was also convicted on one count each of receiving stolen property and misuse of a credit card in Hamilton County and received six months of incarceration on each charge. Appellant was sent to prison to serve his newly imposed sentences. In addition, his parole for the 1992 convictions was revoked.
On June 3, 1998, appellant filed a petition for a writ of habeas corpus in the Warren County Court of Common Pleas claiming he was entitled to be released since appellees failed to conduct a parole revocation hearing within a reasonable time.[1] The common pleas court denied the petition based upon appellant's failure to attach a copy of his commitment papers to the petition. The matter is now before this court on appellant's timely appeal.[2]
As the lower court correctly observed, the failure to attach copies of commitment papers to a habeas corpus petition as required by R.C. 2725.04(D) renders a petition fatally defective and subject to dismissal. State ex rel. Brantley v.Anderson (1997), 77 Ohio St.3d 446; State ex rel. Maloney v.Mack (Aug. 3, 1998), Madison App. No. CA98-03-014, unreported.
Moreover, assuming there was an unreasonable delay in conducting a parole revocation hearing, an individual is not entitled to relief in habeas corpus unless he was prejudiced by the delay. Seebeck v. Zent (1993), 68 Ohio St.3d 109, 110;State ex rel. Taylor v. Ohio Adult Parole Auth. (1993), 66 Ohio St.3d 121,127.
Appellant was convicted of committing four new crimes while on parole and was sentenced to four new and distinct terms of incarceration. Thus, he was incarcerated during the period of delay which he complains of as being unreasonable for more than a simple parole violation. Notwithstanding any parole revocation, appellant was also being lawfully held under separate convictions for the crimes he committed in 1997. Accordingly, we fail to see how appellant was prejudiced by the adult parole authority's failure, if any, to timely consider whether he violated his parole.
We therefore conclude that the common pleas court did not err in dismissing appellant's petition for habeas corpus. The assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] R.C. 2967.15(B) provides that: "If the [adult parole] authorityfails to make a determination of the case of a parolee * * * alleged to be a violator of the terms and conditions of the parolee's parole * * * within a reasonable time, the parolee * * * shall be released from custody under the same terms and conditions of the parolee's * * * original * * * parole * * *." (Emphasis added.)
[2] Appellant's two assignments of error claim the adult parole authority "erred" by not holding a parole revocation hearing "within the allotted time" and that the "results" of the revocation hearing were "unconstitutional and against the weight of the evidence." Although neither assignment is directed to the specific order from which the appeal is taken,i.e., the common pleas court's denial of appellant's petition for a writ of habeas corpus, we will nevertheless treat the assignments of error as arguing that the lower court erred by dismissing appellant's petition where the adult parole authority failed to hold a timely parole revocation hearing.