Relator, Casey J. Kuntz, brings this action requesting that we issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to grant him a new parole revocation hearing or, in the alternative, grant him immediate release under the original conditions of his parole.
The facts of the case are these. In 1990, relator was convicted of rape and ordered to serve an indefinite sentence of five to twenty-five years. Relator was later paroled, but on January 2, 1997, was re-incarcerated for violating the conditions of his release. Thereafter, respondent revoked relator's parole, and continued relator's sentence to January, 2000.
In his petition for a writ of mandamus, relator alleges that he was denied due process in his parole revocation hearing. Specifically, relator claims that his right to a "fast and speedy hearing" was violated because he was arrested on January 2, 1997, and his final parole revocation hearing was not held until February 21, 1997. In support of his argument, relator relies upon Ohio Adm. Code 5120:12-08(4) which provides that a parole revocation hearing is to be held within ten days following the date of arrest. However, that section expressly provides that the time frame for holding revocation hearings is not jurisdictional and that a delay in conducting the hearing shall not result in dismissal of revocation proceedings unless the delay prevents the prisoner from being able to receive a fair hearing.
Upon review, we note there is no constitutional or inherent right to be conditionally released from prison before the expiration of a valid sentence. Greenholtz v. Inmates ofNebraska Penal and Correctional Complex (1979), 442 U.S. 1, 7. Therefore, a prisoner who is denied parole or whose parole is revoked has not been thereby deprived of a constitutional liberty interest. State ex rel. Blake v. Shoemaker (1983),4 Ohio St.3d 42; State ex rel. Ferguson v. Ohio Adult ParoleAuth. (1989), 45 Ohio St.3d 355. However, assuming that parole has been granted, the United States Supreme Court has established a procedure for holding parole revocation proceedings. That process requires a preliminary probable cause hearing and a subsequent final revocation hearing. Gagnon v.Scarpelli (1973), 411 U.S. 778, 784-786.
In Coleman v. Stobbs (1986), 23 Ohio St.3d 137, the Ohio Supreme Court explained that a court should apply a two-part test in determining whether the delay of the Adult Parole Authority in not commencing a final parole revocation hearing entitles an alleged parole violator to relief. First, the court must determine whether the delay was unreasonable. Second, if the delay was unreasonable, the court must determine whether the delay prejudiced the parole violator. The court went on to explain that in determining whether the delay was unreasonable, the court should balance the length of the delay against the reasons for the delay and the violator's assertion of his right to a hearing within a reasonable period of time.
In this case, relator offers only the conclusory and unsupported allegation that the delay in holding his parole revocation hearing was unreasonable and prevented him from presenting witnesses is his behalf "while the facts of the matter were still fresh in their minds." However, we are unable to find that the delay, a period of approximately fifty days, was per se unreasonable. Considering the factors set forth inColeman, it appears that relator's hearing was initially delayed as relator had subsequent criminal charges pending against him at the time of his re-arrest. After those charges were resolved, the "hold" order on relator's hearing was released and the hearing process proceeded.
Under Ohio law, "[m]andamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. In order to obtain a writ of mandamus, relator must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent has a clear legal duty to grant the relief requested; and (3) that no adequate remedy at law exists to vindicate the claimed right.State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123,125, citing State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28,29, certiorari denied (1983), 464 U.S. 1017.
A review of the record reveals that relator has come forward with no argument, statute, or judicial precedent establishing that he has a clear legal right to immediate release or a new revocation hearing under the circumstances. Accordingly, we hereby deny relator's petition for a writ of mandamus. In light of the denial of relator's writ, respondent's May 8, 1998 motion to dismiss is moot.
Writ denied; motion to dismiss moot.
BRYANT and TYACK, JJ., concur.