JOURNAL ENTRY AND OPINION
{¶ 1} After the State of Ohio released petitioner John W. Perotti on parole, he was charged with having a weapon under disability and carrying a concealed weapon in State v. Perotti, Cuyahoga County Court of Common Pleas case No. CR-441647. He remains in custody. Perotti complains that the Ohio Adult Parole Authority ("APA") has wrongfully placed a "hold" — i.e., a detainer — on him and asserts that he is entitled to release from custody. Perotti has brought this action against the APA and the Cuyahoga County Sheriff, Gerald T. McFaul, requesting that this court order Perotti's immediate release from the Cuyahoga County Jail.
 {¶ 2} In Coleman v. Stobbs (1986), 23 Ohio St.3d 137,491 N.E.2d 1126, petitioner Coleman was arrested, charged with grand theft, and incarcerated in the Belmont County Jail. He failed to post bond. The APA then filed a detainer against Coleman. Coleman filed an action in habeas corpus in the court of common pleas asserting that he was entitled to release because the APA had not complied with the hearing requirements in R.C. Chapter 2967 and Ohio Adm. Code 5120:1-1. The court of common pleas granted a writ of habeas corpus, but ordered that Coleman remain in custody pending the resolution of the grand theft case.
 {¶ 3} The court of appeals affirmed, but the Supreme Court of Ohio
 {¶ 4} reversed and observed:
"The loss of liberty that Coleman claims to have suffered did not occurby reason of the APA's detainer but, as we have noted, from his arrestand incarceration on a new charge of grand theft and his failure to posta $5,000 bond. Since he was in custody pursuant to a lawful court order,and it is undisputed that the court had jurisdiction to make that order,he was not entitled to a writ of habeas corpus."
 {¶ 5} Id. at 139.
 {¶ 6} In case No. CR-441647, Perotti has failed to post the $10,000 bond set by the court of common pleas. In Coleman, the Supreme Court found that "the APA's delay in holding a final parole revocation hearing, while Coleman was incarcerated and awaiting trial on the charge of grand theft, was neither unreasonable nor prejudicial as a matter of law." Id. Coleman requires that we make the same finding in this case. Perotti has not posted the bond set in case No. CR-441647. It is undisputed that the court of common pleas has jurisdiction to hear the charges against Perotti. See R.C. 2725.05. The restraint of Perotti's liberty is due to the new charges against him. Perotti has, therefore, failed to state a claim in habeas corpus.
 {¶ 7} Perotti also complains that he has been denied adequate medical treatment as well as access to the law library and outside recreation. "[S]tate prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S.Code. See State ex rel. Carter v. Schotten
(1994), 70 Ohio St.3d 89, 91-92, 637 N.E.2d 306, 309." Douglas v. Money,85 Ohio St.3d 348, 349, 1999-Ohio-381, 708 N.E.2d 697. The authorities cited by Perotti do not supercede Douglas. As a consequence, Perotti cannot maintain this action in habeas corpus. "[I]t is well established that `habeas corpus, like the other extraordinary writ actions, is not available when there is an adequate remedy at law.'" In re: Epstein v.McFaul, Cuyahoga App. No. 82590, 2003-Ohio-1178, at ¶ 3 (citations deleted). We may not, therefore, entertain Perotti's complaints regarding medical treatment, access to the law library and outside recreation.
 {¶ 8} The APA also argues that the petition should be dismissed because Perotti has not complied with R.C. 2969.25 which requires that a prisoner file an affidavit describing each civil action or appeal of a civil action which the prisoner filed in the previous five years in any state or federal court and that a prisoner file a certified statement by the prison cashier setting forth the balance in the prisoner's private account for each of the preceding six months. Although Perotti makes a pretext of supporting his complaint with an affidavit of prior lawsuits, he acknowledges that he has not provided information regarding all of the cases which he has filed. He also failed to provide a certified statement of his prisoner's account. Compare State v. Johnson, Cuyahoga App. No. 82251, 2003-Ohio-1848 (denying the relator's claim of indigency, ordering him to pay costs and dismissing his action in mandamus).
 {¶ 9} Similarly, Perotti has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. In his "Affidavit of Indigency, Verity Other Actions," Perotti avers that "all facts in this petition are true and correct." This conclusory statement is not sufficient to satisfy the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit supporting the complaint specify the details of the claim. "The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal." State ex rel. Sansom v. Wilkinson, Cuyahoga App. No. 80743, 2002-Ohio-1385, at 7.
 {¶ 10} Nearly two months after the APA moved to dismiss the petition, petitioner filed a motion to supplement and amend his petition to remedy these defects. If we were to grant leave to amend, the petition would still be substantively defective. See Coleman, supra. We have, therefore, denied the motion to supplement and amend petition by separate entry.
 {¶ 11} We also note that Perotti's petition was filed a second time as State ex rel. Perotti v. McFaul, case No. 83684. By separate entry, we have dismissed case No. 83684 as duplicative.
 {¶ 12} Accordingly, we grant respondents' motions to dismiss Case No. 83622. (By separate entry, we have ordered that McFaul's brief in opposition to petition for writ of habeas corpus be treated as a motion to dismiss.) Petitioner Perotti to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 13} The writ is dismissed.
Writ dismissed.
Ann Dyke, P.J., and Timothy E. McMonagle, J., concur.