Robert WALKER, Petitioner-Appellant,

v.

UNITED STATES PAROLE COMMISSION and Harold E. Stratton, Respondents-Appellees.

No. 78–3113
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 9, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Eugene Highsmith, Brunswick, for petitioner-appellant.

John J. Daley, Jr., U. S. Atty., Jacksonville, Fla., Eleanore J. Hill, Sp. Atty., U. S. Dept. of Justice, Tampa, Fla., Jerome M. Feit, Joseph S. Davies, Jr., Attys., U. S. Dept. of Justice, Washington, D. C., for respondents-appellees.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Robert Walker pleaded guilty in federal district court to the charge of conspiring to import a Schedule I controlled substance.[1] He was sentenced by the trial judge to three years imprisonment and to a two-year special parole term,[2] to commence upon his release from confinement. A subsequent written order reiterated the trial judge's oral pronouncement, but failed to state at what time the special parole term would begin. Walker's sentence was later modified by a written order to two and one-half years in prison and to "a special parole term of two years." Again, the order failed to enunciate the time the parole term was to commence.

After serving a portion of his prison term, Walker was released on general parole May 14, 1976. That parole term was completed July 27, 1977. On July 11, 1978, Walker petitioned the United States District Court for the Middle District of Florida for habeas corpus relief, claiming that he had completed the terms of his sentence, and thus should be released from further restraint. The district judge denied his petition without a hearing, finding that Walker had not completed his special two year parole term which began to run on July 27, 1977, the date Walker was released from general parole. We affirm the decision of the lower court.

Walker submits that his two year special parole term began on May 14, 1976, the day he was released from prison, and ran concurrently with his general parole term. He arrives at this conclusion by pointing to the trial judge's oral directive that the special parole period was "to commence upon the defendant's release from confinement." Although subsequent written orders omitted that phrase, Walker argues for its continued applicability, since discrepancies in sentencing are to be resolved in favor of unambiguous oral pronouncements. *Ward v. United States*, 508 F.2d 664 (5th Cir. 1975); *United States v. Munoz-Dela Rosa*, 495 F.2d 253 (9th Cir. 1974).

If we were to adopt Walker's position, however, we would be forced to ignore the express language of 21 U.S.C. § 960(c) which provides that the special parole term imposed on anyone convicted of importing Schedule I narcotics is in addition to, not in lieu of, any other parole provided by law. The Parole Commission has construed this section to mean that the special parole term is

> an additional period of supervision which follows the completion of the regular sentence (including completion of any period on parole or mandatory release).

28 C.F.R. § 2.56 (1978). If the punishment imposed does not conform to this penalty, it

---

1. Walker was charged with violating 21 U.S.C. §§ 952(a), 960(a)(1), 963.

2. A special parole term of at least two years is imposed by 21 U.S.C. § 960 if the defendant is sentenced to imprisonment under that paragraph for dealing in Schedule I controlled substances.

is illegal. *See Llerena v. United States*, 508 F.2d 78 (5th Cir. 1975).

It cannot be successfully argued that the trial court intended for the special and general parole terms to run concurrently because the court cannot be presumed to have contemplated an illegal act. To hold that concurrent parole terms are not prohibited by section 960(c) would "render meaningless the special parole provisions . . . which are wholesome not only for society but [also] for the prisoner himself." *Llerena v. United States, supra*, at 82. The decision of the district court is affirmed.

AFFIRMED.