**Dewey Miles MULLEN, Jr., Appellant,**

v.

**UNITED STATES PAROLE COMMISSION and J.S. Petrovsky, Warden, United States Medical Center for Federal Prisoners, Appellees.**

**No. 84–1970.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1985.

Decided March 5, 1985.

Tyrone Gaither, Springfield, Mo., for appellant.

Michael A. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.

Before LAY, Chief Judge, JOHN R. GIBSON, and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Dewey Miles Mullen appeals from the district court's denial of his petition for writ of habeas corpus. He contends that the United States Parole Commission's refusal to reconsider his reparole date "was an arbitrary and capricious" abuse of its discretion. The district court dismissed the petition without prejudice. We affirm.

In May 1981, Mullen was placed on parole from a conviction for bank robbery received in 1976 and a consecutive sentence received for escape in 1979. In July 1981, Mullen was arrested in Oklahoma and charged in state court with breaking and entering and unlawful possession of a firearm. In February 1982, Mullen was taken into federal custody and charged with parole violation. In June 1982, the United States Parole Commission conducted its own hearing and revoked Mullen's parole after determining by a preponderance of the evidence that he had engaged in new criminal conduct of high severity, namely

the illegal possession of a firearm. Mullen's presumptive reparole date was set for October 1985. In March 1983, upon the motion of the prosecuting attorney, the state weapons charge was dismissed by a state judge for "lack of prosecutorial merit."

Mullen claims in this appeal that the dismissal of the state weapons charge for lack of prosecutorial merit is equivalent to a judicial determination of not guilty. According to Mullen, 28 C.F.R. § 2.19(c) precludes the use of this charge as a basis for a finding of new criminal conduct by the Parole Commission. Section 2.19(c) provides that "the Commission shall not consider in any determination, charges upon which a prisoner was found not guilty after trial unless reliable information is presented which was not introduced as evidence at such trial * * *." Mullen argues that this regulation necessarily encompasses a dismissal for lack of prosecutorial merit.

We disagree. There is a significant difference between a judicial dismissal for lack of merit at the behest of a prosecutor and a finding of not guilty after trial. A prosecutor's assessment that the evidence is insufficient to prove a charge is irrelevant to the Parole Commission's consideration of the charge as new criminal parole violator conduct. In the context of this case, the state court dismissal of Mullen's weapons charge for lack of merit on a prosecutor's motion is nothing more than an unadjudicated offense. *See Edwards v. United States*, 574 F.2d 937, 943-44 (8th Cir.1978). Commission regulations provide that "[n]ew criminal conduct may be determined either by a new federal, state or local conviction or by an independent finding by the Commission at [a] revocation hearing." 28 C.F.R. § 2.21(b)(1). We hold that the Parole Commission correctly held that its independent finding that Mullen violated the conditions of his parole by possessing a firearm is unaffected by the dismissal of the state charge arising out of the same conduct.

The judgment of the district court dismissing Mullen's habeas petition is affirmed.