**J.W. WHITEHEAD,**
**Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMIS-**
**SION & Warden Rison, F.C.I.**
**Talledega, Respondents-Appellees.**

No. 84–7600
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 28, 1985.

Frank W. Donaldson, U.S. Atty., Birmingham, Ala., Shirley I. McCarty, Asst. U.S. Atty., for respondents-appellees.

Appeal from the United States District Court for the Northern District of Alabama.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Habeas corpus petitioner J.W. Whitehead, convicted of aiding and abetting the commission of a bank robbery and armed bank robbery in violation of 18 U.S.C.A. § 2113(a), (d), appeals the denial of relief from the revocation of his parole. We affirm.

■ The United States Parole Commission was not collaterally estopped by a "prior finding of innocence" as to a state pandering charge, the basis of the parole revocation. First, Whitehead had been convicted of pandering, but his conviction was set aside because of lack of counsel. No retrial had occurred. Therefore, there was no "prior finding of innocence." Second, even if there had been an acquittal on the criminal charge, the conduct can be the basis of parole revocation. Under 18 U.S.C.A. § 4214(d), the Commission need only determine that a preponderance of the evidence supports the parole violation, while the criminal proceeding requires proof beyond a reasonable doubt. *Standlee v. Rhay*, 557 F.2d 1303, 1305–07 (9th Cir. 1977); *Mack v. McCune*, 551 F.2d 251, 254 (10th Cir.1977). Third, the scope of review on appeal is whether the Commission abused its discretion in finding that the parolee violated a condition of his parole. 18 U.S.C.A. § 4218(d); *Taylor v. United States Parole Commission*, 734 F.2d 1152, 1155 (6th Cir.1984). The district court correctly held there was no abuse of discretion in finding Whitehead guilty of a parole violation based on the state criminal charge of pandering.

■ Contrary to Whitehead's contention that the Commission's action was based solely on a probation officer's summary letter, *see Taylor*, 734 F.2d at 1155, the Commission had a detailed warrant and supporting affidavit, an information, and an incident report concerning the charge, together with a police report detailing the manner in which Whitehead solicited and arranged an act of prostitution. This was sufficient evidence of Whitehead's conduct to support the Commission's action.

■ Whitehead claims the Commission failed to follow its own regulations by rating his misdemeanor pandering violation equivalent to the federal felony violation of engaging in white slave trafficking. The regulations provide in pertinent part:

> If an offense behavior is not listed, the proper category may be obtained by comparing the severity of the offense behavior with those of similar offense behaviors listed in Chapters One-Eleven. If, and only if, an offense behavior cannot be graded by reference to Chapters One-Eleven, the following formula may be used as a guide.

28 C.F.R. § 2.20, ch. 12. The Commission determined that soliciting a female for prostitution purposes on behalf of a third party was not listed but was similar in nature to engaging in white slave traffic, which is rated category four in severity. *Id.* at § 2.20, ch. 11. Noting that the pandering charge did not involve interstate transportation, the Commission recognized it did involve arranging an act of prostitution. This is sufficiently similar offense behavior to make it unnecessary to refer to the alternative formula. The Commission neither failed to follow its own guidelines in evaluating the pandering charge, nor acted in a flagrant, unwarranted, or unauthorized manner. *Page v. United States Parole Commission*, 651 F.2d 1083, 1085 (5th Cir.1981).

The contention that the Commission erroneously calculated his salient factor score on the basis of two false prior convictions has not been argued on appeal and therefore is deemed to have been abandoned. *Rogero v. Noone*, 704 F.2d 518, 520 n. 1 (11th Cir.1983).

AFFIRMED.