779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANTONIO PINO PALAFOX, Petitioner-Appellant,
v.
CALVIN EDWARDS, Respondent-Appellee.
 85-1169
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: KEITH, KENNEDY and KRUPANSKY, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unani ously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Antonio Pino Palafox appeals the denial of his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2241. The appellant alleges the United States Parole Commission erroneously calculated his salient factor score (i.e., prognosis for successful parole) in designating a 100 month presumptive parole release date on his 180 month sentence. He stands convicted of possession and distribution of heroin. Palafox contends it was error for the Parole Commission to consider the fact that a previous special parole term had been revoked. The district court found the parole revocation was properly considered in calculating the appellant's salient factor score.
 
 
 3
 The appellant pled guilty to importing marijuana in 1974. Shortly thereafter he jumped bond and was not located until April 23, 1977. He received a three year special parole term in addition to a year and a day sentence for importing marijuana. At the same time, the appellant was convicted for bond jumping and received a six month jail term and five year probation to be served consecutively with the marijuana sentence. The three year special parole term began on February 16, 1978. However, the appellant did not report to the authorities. A parole violator warrant was issued on March 20, 1980. The warrant was served on February 8, 1982, and the special parole was revoked on May 17, 1982. This revocation was part of the basis used to designate a 100 month presumptive parole date on the heroin conviction.
 
 
 4
 Appellant argues that since the marijuana sentence and bond jumping sentence were served together, his special parole term was revoked on an illegal warrant. His authority for the proposition lies in a Parole Commission handbook rule: 'A warrant cannot be issued during a special parole term for a violation that occurred during a regular parole term.'
 
 
 5
 Palafox's reliance on this rule is misplaced. The rule in question is an internal commission rule which does not create an enforceable interest as would a properly promulgated rule published in the Code of Federal Regulations. Benedict v. United States Parole Commission, 569 F. Supp. 438, 445-446 (E.D. Mich. 1983); See Sullivan v. United States, 348 U.S. 170 (1954); United States v. Thompson, 579 F.2d 1184 (10th Cir.), cert. denied, 439 U.S. 896 (1978); United States v. Hayes, 589 F.2d 811, 818 (5th Cir.), cert. denied, 444 U.S. 847 (1979).
 
 
 6
 The appellant also presents a variation of the first argument. He contends he could not have been on special parole when it was revoked because he was on probation for the bail jumping conviction at the same time. The basis for his claim lies in 21 U.S.C. Sec. 960(c): 'special parole is in addition to and not in lieu of any other parole provided by law.' The appellant's argument is frivolous. This provision of 21 U.S.C. Sec. 960(c) means that special parole cannot be served in lieu of regular parole for the same crime. See Walker v. United States Parole Commission, 592 F.2d 905 (5th Cir. 1979). Since the probation and special parole stemmed from different crimes, the appellant's argument is without merit.
 
 
 7
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.