Eugene PERRY, Appellant,

v.

U.S. PAROLE COMMISSION; Dudley Blevins, Warden, Appellees.

No. 86–5450.

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1987.

Decided Oct. 27, 1987.

Calvin C. Saunders, Brooklyn, N.Y., for appellant.

Richard E. Vosepka, Asst. U.S. Atty., Minneapolis, Minn., for appellees.

Before McMILLIAN, Circuit Judge, FAIRCHILD,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

Eugene Perry[1] appeals from a final judgment entered in the District Court[2] for the District of Minnesota dismissing his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241. Upon the recommendation of a magistrate, the district court denied relief. For reversal, Perry argues that the United States Parole Commission (Parole Commission) revoked his parole through a process that violated his constitutional right to due process and Parole Commission regulations. For the reasons discussed below, we affirm the judgment of the district court.

The facts are not in dispute. In November 1975 the District Court for the District of New Jersey sentenced Perry to twenty-five years imprisonment for armed bank robbery. In November 1983 Perry was released on parole with supervision until July 2000. On May 19, 1984, Perry and two other individuals were arrested for possession of a stolen motor vehicle. The three individuals were each wearing two sets of clothing and a search of the stolen vehicle revealed masks, gloves, ammunition, and pillow cases. Additionally, one of the two other individuals told a police officer they were "going to rob a bank and use the stolen car as a getaway vehicle." On May 21, 1984, Perry and the other two individuals were indicted in federal court and charged with conspiracy to commit bank robbery. This charge, however, was later dismissed before trial.

A parole officer investigated Perry's arrest. Based on his report, Perry received a parole violator warrant dated August 6, 1984, on August 15, 1984. The listed charges were (1) theft/receiving stolen automobile, (2) association with persons involved in criminal activity and (3) use of narcotics. These charges evolved from Perry's May 19 arrest. Specifically charge two—association with persons involved in criminal activity—was based on Perry's arrest in regard to charge one—theft/receiving stolen automobile.

On September 5, 1984, a preliminary interview conducted by Probation Officer Ronan A. Giehl found probable cause to believe Perry had violated the conditions of his parole. His findings were sent to Perry in a letter dated September 14, 1984. The letter listed the same three charges as the basis for the finding and stated that a parole revocation hearing would be scheduled. Perry's hearing was subsequently scheduled for November 19, 1984. Because his attorney was ill, Perry requested a postponement and the hearing was rescheduled for January 3, 1985.

The parole revocation hearing was held as scheduled. On January 10, 1985, the Parole Commission issued its Notice of Action and revoked Perry's parole for sixty months. The charges listed for revocation of parole were (1) theft/attempted robbery and (2) association with persons bent on the commission of criminal activity. After exhausting all remedies, this appeal followed. In reviewing the Parole Commission's decision, this court must affirm unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

▬ Perry's first contention is that the Parole Commission could not consider the dismissed "conspiracy to commit bank robbery" charge as a basis for revoking his parole. Perry argues the dismissal was

---

* The Honorable Thomas E. Fairchild, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. Perry is currently in custody in the Federal Medical Center in Minnesota.

2. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

equivalent to a determination of not guilty. Furthermore, Perry argues, the Parole Commission cannot consider dismissed charges as a basis for parole revocation unless reliable information not previously introduced is brought forth. 28 C.F.R. § 2.19 (1984).

 We disagree. We hold the Parole Commission properly considered the dismissed federal charge as a ground for parole revocation. "There is a significant difference between a judicial dismissal ... and a finding of not guilty after trial." *Mullen v. United States Parole Comm'n*, 756 F.2d 74, 75 (8th Cir.1985) (*Mullen*). Moreover, a Commission's independent finding of a violation of the conditions of parole is "unaffected by the dismissal of the state charge arising out of the same conduct." *Id.* The Parole Commission can consider charges that have been dismissed before trial as grounds for parole revocation. *Id.; Briggs v. United States Parole Commission*, 736 F.2d 446, 449 (8th Cir. 1984). Parole Commission regulations also authorize consideration of charges which have been dismissed if the Commission makes its own independent finding of "new criminal conduct." 28 C.F.R. § 2.21(b)(1) (1984).

 Perry next argues that the Parole Commission denied him due process by failing to provide him with adequate notice as to the charges that were to be considered in his parole revocation hearing. Specifically, Perry points to the variance between the charges listed in the warrant and those listed in the Notice of Parole revocation. In the warrant application and letter informing Perry of the revocation hearing, one of the charges listed was "theft/receiving stolen automobile." This, Perry argues, was critically different than the charge "theft/attempted robbery" as was listed in the notice of parole revocation. This lack of specifics, Perry argues, renders the notice received constitutionally defective.

 Due process requires that before a parolee's liberty can be terminated in a revocation hearing, the parolee is entitled to "written notice of the claimed violations of parole." *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). The purpose of notice is to give the party "a chance to marshal the facts of his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974).

 Perry's argument is not without merit. There was a variance between the theft charge listed in the warrant and the theft listed in his notice of parole revocation. However, technical and nonprejudicial variances in parole revocation proceedings do not rise to constitutional violations. *Martineau v. Perrin*, 601 F.2d 1201, 1205 (1st Cir.1979). Here, Perry received a warrant specifically listing the charges that grew out of the May 19 arrest and was provided with further supporting documents. These supporting documents detailed the charges the Parole Commission believed constituted grounds for his parole revocation. Under these circumstances, any variance was technical and nonprejudicial.

 Perry's final argument alleges that his revocation hearing was untimely. Pursuant to Parole Commission regulations, a hearing is to be held within sixty days after a probable cause determination. 18 U.S.C.A. § 4214(a)(1)(B) (West 1985). Perry's parole revocation hearing was initially scheduled for November 19, 1984, sixty-six days after the September 14, 1984, finding of probable cause. This delay, however, was minimal and Perry has not demonstrated the loss of favorable evidence or witnesses from the delay. This failure to demonstrate prejudice precludes Perry's challenge. Thus, we hold that although the revocation was untimely, no prejudice was shown.

Accordingly, the judgment of the district court is affirmed.