25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Juan RIVERA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2787.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.*
Decided May 20, 1994.
 
 Before CUDAHY, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Juan Rivera appeals the denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2241, in which he alleged that his parole revocation hearing did not comport with due process. Rivera appeals, and we affirm.
 
 
 2
 We note preliminarily that Rivera's appeal is not moot, and that he meets the statutory requirement of having been "in custody" at the time that he filed his petition. Although Rivera had completed the ten-month term of incarceration before he filed his amended petition, he still faced a five-year term of special parole resulting from the Commission's decision to revoke his parole. A prisoner who has been released from physical custody and has been placed on parole is nevertheless "in custody" for purposes of the statute, 28 U.S.C. Sec. 2241(c). See Maleng v. Cook, 490 U.S. 488, 491 (1989); Jones v. Cunningham, 371 U.S. 236, 243 (1963). In challenging the parole revocation proceeding, Rivera seeks to be released from the obligation of serving the additional five-year term of special parole. His appeal is therefore not moot. See Lane v. Williams, 455 U.S. 624, 627, 631 (1982).
 
 
 3
 The district court was correct in holding that the Parole Commission retained jurisdiction over Rivera's case despite the fact that his original term of special parole had expired before the Commission issued its final revocation decision. See Joiner v. Henman, 902 F.2d 1251, 1253 (7th Cir.1990); 28 C.F.R. Sec. 2.44(d). The district court also applied the proper standard in analyzing Rivera's due process claim, see United States v. Rasmussen, 881 F.2d 395, 398-400 (7th Cir.1989); United States v. Scott, 850 F.2d 316, 319-20 (7th Cir.1988), and correctly held that Rivera had not been prejudiced by the Commission's delay in holding the revocation hearing.[1] Rivera contends that by delaying his hearing, the Commission acted in violation of statutes that exist to protect alleged parole violators. See 18 U.S.C. Sec. 4214(a)(1).[2] As the district court explained, a delay in receiving a parole revocation hearing may entitle an alleged parole violator to compel a speedy hearing. See Camacho v. White, 918 F.2d 74, 79-80 (9th Cir.1990) (relying on Sutherland v. McCall, 709 F.2d 730, 732 (D.C.Cir.1983)); Donn v. Baer 828 F.2d 487, 490 (8th Cir.1987) (same). Absent a violation of due process, however, the alleged parole violator is not entitled to a reversal of the Commission's decision, or to a restoration of his credits for time served on parole. See, e.g., Camacho, 918 F.2d at 79-80. We therefore affirm for the reasons stated in the district court's memorandum opinion and order, Rivera v. United States, No. 92 C 6358 (E.D.Ill. July 7, 1993) (unpublished).
 
 
 4
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 5
 Juan Rivera, Petitioner,
 
 
 6
 v.
 
 
 7
 United States of America, Respondent.
 
 No. 92 C 6358
 
 8
 July 8, 1993.
 
 MEMORANDUM OPINION AND ORDER
 
 9
 On February 7, 1993, Juan Rivera, filed a petition for habeas corpus alleging that (a) the Parole Commission failed to conduct a revocation hearing within sixty days of the finding of probable cause made by the Regional Commission, (b) a local criminal charge that did not result in a conviction could not be used to revoke his special parole, (c) his sentence of special parole terminated on September 15, 1992 and (d) the Commission lacked the authority to revoke his special parole. Based on these allegations, the petitioner argues that his Fourteenth Amendment due process rights have been violated. For the reasons set forth in this order, Rivera's petition for a writ of habeas corpus is denied.
 
 I. STATEMENT OF FACTS
 
 10
 Rivera was sentenced on February 25, 1987 by the U.S. District Court for the Northern District of Illinois to an eighteen month prison term and a five year special parole term for conspiracy to distribute and possession with intent to distribute cocaine. He was denied parole on his eighteen month prison term and released on September 14, 1987 to supervision on his special parole term.
 
 
 11
 By a letter dated January 31, 1992, U.S. Probation Officer Ronald W. Byrne requested that the Commission issue a violator warrant for Rivera because he had been arrested on December 17, 1991 for possessing cocaine. The Commission issued a special parole violator warrant on February 20, 1992, charging Rivera with battery, use of cocaine, the criminal offense of possession of cocaine, and failure to report an arrest in a timely manner. Rivera was arrested pursuant to the warrant on February 26, 1992.
 
 
 12
 On March 10, 1992, Rivera was given a preliminary interview at the Metropolitan Correctional Center, Chicago, Illinois, to determine whether probable cause existed for the alleged special parole violations. Petitioner states that the probation officer found probable cause on March 16, 1992, shortly after the preliminary interview. Petition for Writ of Habeas Corpus, at 1. The Revocation Prehearing Assessment, however, states that the Parole Commission found probable cause on June 30, 1992. Government Exhibit 9. By a letter dated July 21, 1992, the Commission informed Rivera that probable cause existed for the alleged violations and that he would be held for a local revocation hearing. The Commission gave Rivera a revocation hearing on August 27, 1992.
 
 
 13
 The Commission found that Rivera used dangerous drugs and possessed a controlled substance while on special parole. By a Notice of Action dated September 17, 1992, the Commission informed Rivera that: (1) his special parole was revoked; (2) none of the time spent on special parole would be credited; and (3) he would be paroled effective December 20, 1992 after the service of ten months, with the special condition that he participate in a drug aftercare program.
 
 
 14
 On November 23, 1992, the Commission issued a Notice of Action modifying the previous decision providing that when Rivera was paroled on December 20, 1992 he would be placed in the physical custody of the INS or to an approved program for drug aftercare and that he remain in Illinois until February 25, 1997.
 
 
 15
 On December 20, 1992, Rivera was paroled to an INS detainer.
 
 II. DISCUSSION
 A. Timing of the Revocation Hearing
 
 16
 Rivera first contends in his habeas corpus petition that the Parole Commission violated 18 U.S.C. Sec. 4214(a)(1)(B) by conducting his revocation hearing more than sixty days after the finding of probable cause made by the Regional Commissioner.[1] Technically, petitioner's claim is incorrect because the Parole Commission found probable cause on June 30, 1992 and the revocation hearing was held on August 27, 1992. Nonetheless, Petitioner is correct in asserting that he did not receive a timely revocation hearing since there was a six-month delay between the execution of the arrest warrant and the revocation hearing.
 
 
 17
 Due process requires that a parolee receive a revocation hearing within a reasonable time after being taken into custody. Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972) (lapse of two months between parolee being taken into custody and revocation hearing not unreasonable). Three months has been mentioned in some cases as the outside limit of reasonableness. See United States ex rel. Sims v. Sielaff, 563 F.2d 821, 825 (7th Cir.1977) (three months between execution of arrest warrant and revocation hearing appears to be the maximum delay tolerable) (citations omitted). "The three-month time period is, however, no more than a guideline." Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir.1982).
 
 
 18
 Neither does the statute provide specific guidance in this case. 18 U.S.C. Sec. 4214(a)(1)(A) provides that any alleged parole violator shall be accorded the opportunity to have a preliminary hearing "without unnecessary delay, to determine if there is probable cause to believe that he has violated a condition of his parole...." 18 U.S.C. Sec. 4214(a)(1)(B) then provides that a revocation hearing is to take place within sixty days of the determination of probable cause. The statute is silent about the appropriate remedy when the Parole Commission fails to act within the statutory deadlines. Release of the parolee, however, would be too severe a remedy. The legislative history of the Parole Commission and Reorganization Act supports this conclusion. The chairman of the House and Senate subcommittees which had considered the Act, in advising acceptance of the conference committee report, noted with respect to decision making deadlines:
 
 
 19
 The legislation establishes certain deadlines for the Commission's decision making, but the conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions. If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or parolee is to compel the decision, not release from custody.
 
 
 20
 122 Cong.Rec. S 2572, 2573 (daily ed. March 2, 1976) (remarks of Sen. Burdick). See also Smith v. United States, 577 F.2d 1025, 1027-29 (5th Cir.1978) (dealing with a similar provision--18 U.S.C. Sec. 4214(c)); Sutherland v. McCall, 709 F.2d 730 (D.C.Cir.1983). Thus, the parolee's remedy is to compel a decision by the Commission unless the parolee's due process rights have been violated by the delay.
 
 
 21
 Whether a delay is a violation of due process must be decided based on the standards set forth in Barker v. Wingo for determining whether a defendant's constitutional right to a speedy trial has been denied. The four factors to be considered under Barker are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant as a result of the delay. Barker v. Wingo, 407 U.S. 514, 530-32 (1972). No single factor is either necessary or sufficient to a finding of a deprivation of a constitutional right. Id. at 533. Each should be considered together with the relevant circumstances in "a difficult and sensitive balancing process." Id. The Court must, therefore, consider the course of Rivera's parole revocation proceedings in light of these four factors.
 
 
 22
 The first factor is the length of the delay. Six months elapsed between the issuance of a parole violator warrant against Rivera on February 20, 1992, and his parole revocation hearing on August 27, 1992. A six-month delay, while not unreasonable per se, does raise due process questions. See Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir.1982) (four-month delay not unreasonable per se but raises due process questions), cert. denied, 459 U.S. 1170 (1983).
 
 
 23
 The second factor is the reason for the delay. The respondent has failed to provide the Court with any reason for the delay. However, there is no showing that the Commission intentionally created the delay.
 
 
 24
 The third factor is whether the parolee asserted his right to a prompt hearing. The Barker Court held that a defendant's silence does not waive the right to a speedy trial, Barker v. Wingo, 407 U.S. 514, 528 (1972), but "[t]he defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Id. at 531-32. The fact that Rivera made no demand for a prompt hearing makes it difficult for him to prove that he was denied a speedy hearing. Id. at 532.
 
 
 25
 The final factor to be considered is whether the parolee was prejudiced by the delay. The petitioner alleges that he was prejudiced because the delay caused him to lose his attorney and therefore he had to appear without counsel at the hearing. (Petitioner's Reply, at p 14). The Court finds that the petitioner was not prejudiced. There is no absolute right to an attorney during parole revocation hearings. Smith v. Parole Commission, 875 F.2d 1361, 1368 (9th Cir.1989). Furthermore, Rivera had ample time within which to find counsel. In addition, Rivera has not met his burden of showing that he suffered a denial of due process because he did not have an attorney. Id.
 
 
 26
 Having considered the facts of this case in light of the four Barker factors, this Court finds that the length of the delay and the lack of excuse for the delay weigh against the respondent. Two counterbalancing factors, however, outweigh these deficiencies. First, Rivera made no demand for a prompt hearing. Second, and more importantly, Rivera was not prejudiced by the delay. Accordingly, the Court finds that the Commission's delay in holding the revocation hearing did not violate Rivera's due process rights, and therefore the revocation of special parole will not be disturbed.
 
 B. Grounds for Revocation
 
 27
 Rivera also claims that the Parole Commission could not rely on local criminal charges that did not result in a conviction to revoke his special parole term.
 
 
 28
 To the contrary, the Commission has the authority to make its own independent findings of criminal behavior regardless of the disposition of defendant's criminal charge. Whitehead v. United States Parole Commission, 755 F.2d 1536, 1537 (11th Cir.1985). "Under 18 U.S.C. Sec. 4214(d), the Commission need only determine that a preponderance of the evidence supports the parole violation, while the criminal proceeding requires proof beyond a reasonable doubt." Id. In Perry v. United States Parole Commission, 831 F.2d 811 (8th Cir.1987), cert. denied, 485 U.S. 963 (1988), the court held that the Parole Commission could consider charges that had been dismissed before trial as grounds for parole revocation. Id. at 813. The Eighth Circuit Court of Appeals reasoned that "there is a significant difference between a judicial dismissal ... and a finding of not guilty after trial." Id. "Moreover, a Commission's independent finding of a violation of the conditions of parole is unaffected by the dismissal of the state charge arising out of the same conduct." Perry v. United States Parole Commission, 831 F.2d 811, 813 (8th Cir.1987) ( citing Mullen v. United States Parole Commission, 756 F.2d 74, 75 (8th Cir.1985)).
 
 
 29
 In the instant case, evidence before the Parole Commission showed that Rivera used dangerous drugs and possessed a controlled substance while on special parole. (Respondent's Exhibits 10, 11). The Commission considered this evidence and evidence of the dismissed local criminal charge as grounds to revoke Rivera's special parole. Since the Commission has the authority to make independent findings of criminal behavior, the Court finds Rivera's argument without merit.
 
 
 30
 C. Propriety of the New Expiration Date for Special Parole
 
 
 31
 Rivera next contends that his special parole term ended on September 15, 1992, and therefore that the Commission revoked his special parole two days after it had already ended.
 
 
 32
 Although the petitioner's special parole term was originally due to expire on September 15, 1992, the Commission preserved its jurisdiction to revoke the special parole when it issued the violator warrant on February 20, 1992, prior to the original expiration date. Martin v. Luther, 689 F.2d 109, 111 (7th Cir.1982).
 
 
 33
 The new expiration date for Rivera's special parole is mandated by statute. Under 21 U.S.C. Sec. 841(c), when a special parole term is revoked, none of the time spent under special parole will be credited to reduce the parolee's sentence.[2] See also 28 C.F.R. Sec. 2.57(c). The forfeiture of "street time" is nondiscretionary. Mungula v. United States Parole Commission, 871 F.2d 517, 520 (5th Cir.1989), cert. denied, 493 U.S. 856 (1989); McQuerry v. United States Parole Commission, 961 F.2d 842, 845 (9th Cir.1992). Consequently, none of the nearly five years Rivera spent on special parole was credited to him. Since Rivera was taken into custody on February 26, 1992, the new expiration date for his five year special parole term is February 25, 1997.
 
 D. Authority to Revoke Special Parole
 
 34
 Rivera also contends that the Commission did not have the power to revoke his special parole because only a judge has the authority to do so. To the contrary, authority to revoke special parole term does not rest solely in the district court, but can be exercised by the Parole Commission as well. Battle v. United States Parole Commission, 834 F.2d 419, 420 (5th Cir.1987). The Parole Commission has authority under 28 C.F.R. Sec. 2.57(c) (1992) to supervise and revoke special parole. That provision states that "[s]hould a parolee violate conditions of release during the Special Parole Term he will be subject to revocation on the Special Parole Term as provided in Sec. 2.52...." 28 C.F.R. Sec. 2.52 provides that the Commission may revoke parole when "the Commission finds by a preponderance of the evidence that the parolee has violated a condition of the parole...." No court has ever questioned the authority of the Commission pursuant to 28 C.F.R. Sec. 2.57. See United States v. Bridges, 760 F.2d 151, 154 (7th Cir.1985); Walker v. United States Parole Commission, 592 F.2d 905, 906 (5th Cir.1979). Thus, there is no support for Rivera's contention that the authority to revoke special parole rests solely in the district courts.
 
 III. CONCLUSION
 
 35
 For the reasons set forth above, Rivera's petition for a writ of habeas corpus is denied.
 
 
 36
 --------------/s/ James H. Alesia
 
 
 37
 --------------JAMES H. ALESIA
 
 United States District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In his appellate brief, Rivera has not indicated how he was prejudiced by the delay. Although he points to the senior probation officer's recommendation that he be returned to supervision without revocation of parole as evidence that his parole should not have been revoked (Appellant's Br. at 12), he does not explain how the Commission's delay in holding the final revocation hearing could have caused the Commission to reject the senior probation officer's recommendation
 
 
 [2]
 Section 4214(a)(1)(B) provides that, upon a finding of probable cause, an alleged parole violator is entitled to a parole revocation hearing within sixty days of the determination of probable cause. Although this section has been repealed, Rivera was convicted of a crime prior to its repeal. The statute thus continues to apply to him. See, e.g., Joiner, 902 F.2d at 1252 n. 3
 
 
 [1]
 18 U.S.C. Sec. 4214(a)(1)(B) provides that any alleged parole violator shall have the opportunity to have, upon a finding of probable cause, "a revocation hearing at or reasonably near the place of the alleged parole violation or arrest within sixty days of such determination of probable cause...."
 
 
 [2]
 21 U.S.C. Sec. 841(c) states that when special parole is revoked, "the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole." This section has been repealed, but it still applies to offenses committed prior to November 1, 1987. 21 U.S.C. Sec. 841(c) (1993)