82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvester Seal MURRAY, Petitioner-Appellant,
v.
Daniel DOVE; Raymond L. Frank; Michael Curtis; Robert
Hill; Federal Bureau of Prisons; Cindy Nelson;
Irma L. Huseman; Ms. Muller; United
States Parole Commission,
Respondents-Appellees.
 No. 95-5836.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Sylvester Seal Murray, a pro se federal prisoner, appeals a district court order denying his petition for preemptory mandamus, construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and his motion for a temporary restraining order. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 3
 Murray challenged an adverse determination by the United States Parole Commission revoking Murray's mandatory release. Murray raised the following specific arguments:
 
 
 4
 1) That the Parole Commission used unreliable evidence and a dismissed criminal charge as factual support for its revocation of Murray's mandatory release.
 
 
 5
 2) That the Parole Commission failed to provide Murray with documents and adverse evidence to be used against him within 30 days prior to the revocation hearing in violation of the agency's own regulations.
 
 
 6
 3) That this case has been designated by the Parole Commission as one for the Commission's original jurisdiction, and should have been reviewed by a quorum of six Commissioners on administrative appeal.
 
 
 7
 4) That he was denied any explanation (as required by 18 U.S.C. § 4206(c)) for the Parole Commission's determination to establish a sentence which exceeded the guideline range.
 
 
 8
 The magistrate judge issued a report recommending that Murray's habeas petition be denied, and that the motion for a temporary restraining order be denied. The district court adopted the report and recommendation after reviewing Murray's objections.
 
 
 9
 A review of a decision by the United States Parole Commission is limited to a determination that a rational basis exists for the Commission's conclusions. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993); Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 10
 Upon review, we conclude that the district court properly denied Murray's petition for habeas corpus relief. Murray's claim that the Parole Commission wrongfully revoked his mandatory release based on unreliable evidence as well as the dismissed harboring a fugitive criminal charge is without merit. The Parole Commission has the authority to make its own independent findings of criminal behavior regardless of the disposition of the defendant's criminal charge. Whitehead v. United States Parole Comm'n, 755 F.2d 1536, 1537 (11th Cir.1985) (per curiam). Murray's mandatory release was revoked based upon all of the evidence, such as the testimony from witnesses on the heroin distribution charge, including Emmanuel Oruche and DEA Agent Hill, who appeared at Murray's first and second hearings. Additionally, IRS Agent Dowling testified at Murray's first revocation hearing about the search of Murray's real estate office where a shotgun was found. Accordingly, Murray's due process claim that his mandatory release was wrongfully revoked by the Parole Commission's consideration of unreliable evidence and dismissed charges is without merit. Murray was afforded the minimum due process protections set forth in Morrissey v. Brewer, 408 U.S. 471, 489 (1972).
 
 
 11
 Murray's claim that the Parole Commission's decision must be based upon a quorum of six Commissioners is without merit. Murray's case was never designated as an original jurisdiction case.
 
 
 12
 Murray's claims regarding the guideline imposed by the Parole Commission (i.e., that the Commission did not recommend that his sentence "continue to expiration," and that the Commission erroneously failed to state the reasons it exceeded the parole guidelines) are abandoned on appeal and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 13
 Finally, Murray's challenge to the Parole Commission's finding that he possessed the shotgun is not subject to judicial review. See Farkas, 744 F.2d at 38-39.
 
 
 14
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation