110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald R. BROOMFIELD, Petitioner-Appellant,
v.
OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS,
Respondent-Appellee.
 No. 96-3180.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Ronald R. Broomfield, a pro se Ohio prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On or around June 9, 1994, Broomfield was detained as an alleged parole violator as a result of his new arrest on charges of tampering with evidence and possession of cocaine. At an on-site probable cause hearing held on June 21, 1994, it was determined that probable cause existed to believe that Broomfield had violated the conditions of his parole. A revocation hearing was scheduled for the week of August 1, 1994. On July 8, 1994, the Ohio Adult Parole Authority (OAPA) declared Broomfield to be a parole violator effective June 24, 1994. It is undisputed that no final revocation hearing was held the week of August 1st; instead, the record indicates that an informal hearing held on August 23, 1994, was to be rescheduled as a formal hearing at Broomfield's request. Broomfield contends that he was mistakenly called up on that date and subsequently renewed his request for a formal revocation hearing. Meanwhile, Broomfield was convicted of drug abuse arising out of the June 9th incident and was sentenced to 18 months in prison, to be served consecutively to any sentence imposed as a result of his parole violation. A mitigation hearing was finally held on October 12, 1994, at which time Broomfield's parole was formally revoked. He applied for a writ of mandamus with the Supreme Court of Ohio, which denied his request.
 
 
 3
 In his federal habeas corpus petition, Broomfield asserted that: (1) the revocation of his parole without a final revocation hearing violated his rights under the Fourteenth Amendment and Ohio law; (2) he was unable to properly defend himself at his September 27, 1994, trial because of the restrictions imposed upon him by the OAPA; and (3) he was unlawfully imprisoned from June 9 to October 11, 1994. In its supplemental return of writ, the respondent maintained that Broomfield had received all of the process to which he was due and that his October hearing was held within a reasonable time.
 
 
 4
 In an opinion and order entered on January 25, 1996, the district court denied Broomfield's petition and dismissed the action. The district court refined the issue as to whether the delay between Broomfield's detention and the final revocation of his parole was reasonable. After discussing a number of relevant factors, the court determined that there had been no unreasonable delay and no prejudice to Broomfield from the delay in the final revocation of his parole. A separate judgment was entered the same day. The district court subsequently denied Broomfield's motion for relief from judgment, construed as a motion for reconsideration, in an order filed on May 23, 1996.
 
 
 5
 On appeal, Broomfield argues that he was not afforded a final revocation hearing within a reasonable time and that he was not given the opportunity to address the alleged parole violation. He moves for the appointment of counsel on appeal.
 
 
 6
 Upon review, we conclude that the district court did not err in denying Broomfield's petition for a writ of habeas corpus. In Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972), the Supreme Court held that a parolee is entitled to due process before his parole may be revoked. The only due process violation alleged by Broomfield is the failure to hold a final revocation hearing within a reasonable time after he was taken into custody. This complaint involves two components: first, he argues that the mitigation hearing held in October 1994 was not a "final revocation hearing" within the meaning of Morrissey; second, he argues that, even if it is considered to be a final revocation hearing, it was not held within a reasonable time as required.
 
 
 7
 Morrissey held that a parolee charged with violating the conditions of his parole is entitled to two hearings. The first is a preliminary hearing to determine if probable cause exists to believe that the individual has violated his parole conditions, and the second is a revocation hearing at which the parole violator must be given the opportunity to present mitigating circumstances which may indicate that revocation is not warranted notwithstanding the parole violation. Sneed v. Donahue, 993 F.2d 1239, 1241 (6th Cir.1993) (citing Morrissey, 408 U.S. at 480, 485); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991).
 
 
 8
 It is undisputed that Broomfield received a "mitigation hearing" on October 12, 1994, at which time his parole was formally revoked. Broomfield does not allege that he was not given an opportunity to be heard at that time. The label placed upon the hearing is, therefore, irrelevant to the determination of his petition. The record indicates that the October hearing fulfilled the two purposes of a final revocation hearing as established by the Supreme Court.
 
 
 9
 Nor did the district court err in concluding, after a careful analysis of relevant factors, see Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir.1982) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)), cert. denied, 459 U.S. 1170 (1983), that there was no unreasonable delay in holding the hearing and no prejudice to Broomfield. See Moody v. Daggett, 429 U.S. 78, 85 (1976); United States v. Wickham, 618 F.2d 1307, 1310 (9th Cir.1979).
 
 
 10
 Because Broomfield has failed to show that he did not receive the process due him in connection with the revocation of his parole or that he was prejudiced by the delay in holding the final revocation/mitigation hearing, his petition for a writ of habeas corpus was properly denied.
 
 
 11
 Accordingly, the motion for the appointment of counsel is denied. The district court's judgment, entered on January 25, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.